[Civ. No. 186.   Second Appellate District.—March 21, 1906.]

# W. A. HUTCHASON et al., Respondents, v. M. E. SPINKS, Appellant.

ACTION FOR FRAUD—MISREPRESENTATIONS AS TO VALUE OF BUSINESS SOLD—RELIANCE BY PLAINTIFFS—ERRONEOUS INSTRUCTION.—In an action to recover damages for fraud in misrepresenting the value of a business and goodwill sold by defendant to plaintiff, it was error to instruct the jury to find for the plaintiffs, if they found that the misrepresentations were made, without stating the element essential to the cause of action, that plaintiffs relied upon the representations made, and were thereby induced to enter into the contract.

ID.—INSTRUCTION AS TO MATTER NOT IN ISSUE.—The propriety of an instruction as to matter not in issue, and which does not appear to be applicable to the case presented upon the appeal, will not be considered or passed upon.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Byron Waters, and J. W. McKinley, for Appellant.

Edward L. Hutchison, E. C. Bower, and Bower & Hutchison, for Respondents.

SMITH, J.—This is an appeal by the defendant from an order denying his motion for a new trial. It is somewhat

difficult to determine from the complaint the nature of the action. It appears, however, that the cause of action originated in the lease or contract of date April 13, 1901, set out in the .complaint, and in the subsequent conduct of the defendant. This contract purports to be a lease of the ''dental office and business'' of the defendant in the city of Los Angeles, and there is contained in it, among other provisions, an agreement by the defendant that he ''will not, during the term thereof, open or conduct any dental office in the city of Los Angeles, or engage directly or indirectly in the practice of dentistry in said city''; and we construe the contract, also, as being in effect a transfer of the goodwill of the business. (Civ. Code, sec. 992.) It is further alleged that the defendant, as an inducement for plaintiff to enter into the contract, represented to them that he was receiving from the business the sum of $1,800 per month, and that this representation was untrue, the business being worth not to exceed $250 per month; and that the plaintiffs, relying upon these representations, were induced thereby to enter into the contract. Other false representations by the defendant to the plaintiffs are also alleged; but these are, in effect, simply allegations of the promises contained in the contract, and of other promises and of failure upon the part of the defendant to perform them. The suit may, therefore, be regarded as a suit to recover damages for the misrepresentation of fact above specified, and for breach of contract; and as no objection to the joinder of these causes of action was interposed, it must be so regarded. The complaint concludes with the allegation that by reason of said misrepresentations, which will include both causes of action, the plaintiffs were damaged in the sum of $10,000, for which amount they pray judgment. The jury found a general verdict for the plaintiffs in the sum of $2,994; but in the special findings the sources of the several damages suffered by the plaintiffs are distinguished, and it is found that by reason of the misrepresentations of the defendant the plaintiffs suffered damage in the sum of $2,394, and ''by reason of the defendant not performing his agreements'' they suffered damage in the sum of $600. The points made by the appellant are very numerous, but it will be sufficient to consider the following:

1. The jury were, in effect, instructed that if they believed from the evidence ''that as an inducement for plaintiffs

to purchase said business . . . the defendant represented that said business was paying from $1,800 to $2,000 per month, whereas . . . as a matter of fact, said business was not then paying more than $250 a month,'' they should ''find for the plaintiffs.'' But this omits an element essential to plaintiffs' cause of action, namely, that they relied upon these representations and were thereby induced to enter into the contract. It is clear, therefore, that as to the amount $2,394 the verdict cannot be sustained.

2. As to the $600 damages for breach of contract, the matter is not so clear. According to the theory of appellant the plaintiffs, at some time subsequent to the commencement of the suit, ceased to perform the contract, and he claimed that such being the case the plaintiffs could not recover; but the jury were instructed, in effect, that if the plaintiffs had complied with the terms of the contract up to the time of the commencement of the suit, their subsequent failure of compliance would not prevent them from recovering the amount, if any, to which they were entitled when the suit commenced or while performing the terms of their contract. But the applicability of this instruction to the case depends upon a very intricate question, which we do not deem it necessary to discuss; though on this point some explanation will be necessary. By the terms of the lease set out in the complaint the consideration is stated to be $7,570; but it appears that upon the execution of the lease the plaintiffs paid the defendant in cash the sum of $4,050, making with the amount specified in the lease an aggregate of $11,620, and continued to pay the installments mentioned in the lease until the fifteenth day of February, 1902, thus paying in the aggregate $8,207.50, or $637.50 in excess of the amount stated in the lease. Accordingly, in the original complaint, filed September 16, 1901, it is alleged, in effect, and in the third amended complaint, filed January 18, 1902, expressly, that the consideration of the contract was the aggregate of the amount paid and the amount specified in the contract—that is to say, the sum of $11,620—which is also the theory of the defendant. But in the present complaint it is claimed by the plaintiffs that the sum mentioned in the contract, $7,570, was the whole consideration agreed upon, and that the cash payment of $4,050 was a payment upon the amount specified in the written contract. On this point the jury found specially in ac-

cordance with the theory of the plaintiffs, and one of the points urged by the defendant is that this finding is not supported by the evidence. On the other hand, it is claimed by counsel for the appellant that the matter was not in issue; and in this we agree. But the question was material to the instruction under consideration; for upon the defendant's theory of the case it would have been applicable. Upon the case as presented to us on this appeal, however, it has no application; nor can we assume that on another appeal it will become so. We therefore deem it unnecessary to pass upon the correctness of the instruction.

3. There are some other instructions bearing upon the credibility of the testimony of a witness, the correctness of which is at least doubtful. But upon this point and the numerous, or rather innumerable, other points presented in the case, we deem it unnecessary to enter.

For the error first above specified, the order appealed from must be reversed, and the cause remanded for a new trial; and it is so ordered.

Gray, P. J., and Allen, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 20, 1906.